LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Fax:          (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*
*Victoria Cuevas and Denton Burt*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JERMIAH CARTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; VICTORIA CUEVAS, an individual, and DENTON BURT, an individual,<br><br>Defendants. | Case No.:   2:25-cv-01881-APG-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY**<br>**(First Request)**<br>**[ECF No. 17]** |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of September 8, 2026, be continued for a period of ninety (90) days up to and including **Monday, December 7, 2026**, for the purpose of the parties being able to complete written discovery, take depositions, serve third-party subpoenas, and allow disclosure of expert and rebuttal expert reports.

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.339

Page 1 of 8

## I.    DISCOVERY COMPLETED TO DATE

Defendants, Las Vegas Metropolitan Police Department, Victoria Cuevas and Denton Burt ("LVMPD Defendants") have provided their initial Rule 26 Disclosures to Plaintiff and three supplemental disclosures.  Plaintiff has provided his initial disclosures as well as two additional supplemental disclosures.

On February 18, 2026, Plaintiff served initial written discovery on each of the LVMPD Defendants: Interrogatories, Requests for Production of Documents and Requests for Admissions.  Plaintiff also served second sets of Interrogatories and Requests for Production of Documents on the individual Defendants related to his punitive damages claim.  On March 12, 2026, LVMPD Defendants, through their former Counsel, filed a Motion for Protective Order as Plaintiff had demanded the production of un-redacted body worn camera videos of the incident subject of this lawsuit, and LVMPD Defendants requested Plaintiff agree to a Stipulated Protective Order to which Plaintiff refused.  [ECF No. 20].  During the pendency of the Motion for Protective Order, LVMPD Defendants, through their former Counsel provided their responses to the written discovery on March 30, 2026.  On April 10, 2026, this Court held a hearing on the Motion for Protective Order; granting it in part and denying it in part.  Ultimately, the Court did find that "Upon signing of a protective order, a completely unredacted version of the video is to be delivered to Mr. Breeden, no redactions at all."  [ECF No. 26].

On April 24, 2026, LVMPD served its initial written discovery requests on Plaintiff.  On April 29, 2026, Plaintiff served a second set of Requests for Production of Documents on LVMPD.  LVMPD responded to the Second Set of Requests for Production of Documents and provided a supplemental disclosure with all unredacted body worn camera videos to Plaintiff on May 29, 2026.  Likewise, Plaintiff provided his responses to written discovery on May 27, 2026, and May 29, 2026.  In Plaintiff's discovery responses, signed medical and employment authorizations were

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.339

Page 2 of 8

provided.

Plaintiff noticed the depositions of the individual Defendant Officers for June 1, 2026, and June 3, 2026. However, the parties had to re-schedule the depositions due to conflicts. The deposition of Cuevas is currently set for June 22, 2026, and the deposition of Burt is being set for August 7, 2026.

## II. DISCOVERY YET TO BE COMPLETED

Now that the signed authorizations have been received, LVMPD Defendants are currently drafting third-party subpoenas to obtain Plaintiff's medical and employment records, and also supplemental written discovery requests to Plaintiff. The depositions of Cuevas and Burt are set and will be taken. Experts have been retained and the parties will provide expert and any necessary rebuttal expert reports. Plaintiff may schedule the depositions of additional witness Officers, Rule 30(b)(6) witnesses, experts and rebuttal experts. LVMPD Defendants will take the deposition of Plaintiff, a third-party witness and any expert or rebuttal expert witnesses.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The Ninth Circuit has held that the "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A standard of "good cause" governs this request because the to-be-extended deadlines have not yet expired. D. Nev. Local Rule 26-3. "Motions for extension must include a statement specifying the discovery completed, a description of discovery remaining, the reasons why the deadline was not satisfied, and a proposed schedule for completing remaining discovery." *Hampton v. Nevada*, No. 2:20-cv-00578-APG-DJA, 2021 WL 3573640, at *2 (D. Nev. July 29, 2021). Finally, Local Rule IA 11-6 provides that substitution of counsel does not alone justify delay but expressly contemplates that relief may be granted where good cause is shown and specific relief is requested. Here, all the factors permitting this extension are met.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.339

Page 3 of 8

The undersigned Counsel for the LVMPD Defendants substituted as counsel on May 13, 2026. [ECF No. 29]. This was shortly before critical deadlines, including:

- Production of unredacted body worn camera footage on May 29, 2026

- Responding to Requests for Production of Documents on May 29, 2026

- The deadline to disclose expert reports on June 10, 2026

- The deadline to complete discovery on September 8, 2026

The undersigned acted diligently and promptly obtained and reviewed the case materials for this matter upon being substituted as Defense Counsel. Defense Counsel began communicating with Plaintiff's Counsel and assessing the outstanding discovery and litigation needs of the case. Defense Counsel promptly reviewed all body worn camera videos related to this incident and produced them to Plaintiff unredacted as this Court ordered. Defense Counsel responded to outstanding Requests for Production of Documents and immediately began coordinating new dates for the depositions of the individual Officer Defendants. Plaintiff's counsel was unable to fully analyze the police body camera video until they were produced in an unredacted format to them on or about May 29, 2026. Plaintiff's counsel now believes an amended complaint to add at least one additional officer defendant may be warranted. There have been difficulties scheduling the deposition of Defendant Burt due to his military obligations, which is uncontrollable by the parties. Finally, Defense Counsel assessed the need to retain an expert witness and has retained one. The expert witness has indicated that more time will be needed to review the materials related to this incident and provide his expert report; in part because of obligations in other unrelated matters.

Due to the volume and complexity of this case, including that Plaintiff has alleged that LVMPD Officers used excessive force against him during his arrest and that Corrections Officers continued to use excessive force during his detention at Clark County Detention Center, it is not feasible to meet the current deadlines without prejudicing the LVMPD Defendants and/or their

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.339

Page 4 of 8

retained expert. Indeed, some of the issues in discovery in this matter are related to a third-party traffic stop, the apprehension and arrest of Plaintiff, the subsequent detention of Plaintiff at CCDC, the medical treatment Plaintiff received following his detention and the loss of Plaintiff's job allegedly due to the arrest, among other issues. There is good cause in this matter where counsel requires time for review and preparation to ensure competent representation. Granting this brief extension will allow the undersigned to competently represent the LVMPD Defendants in this matter; avoid unnecessary motion practice or potential errors; and promote resolution of the case on its merits rather than procedural shortcomings.

Moreover, the requested extension is modest and proportional. Specifically, the parties are requesting an extension of ninety (90) days to complete the discovery necessary in this matter and to allow experts the necessary time to thoroughly evaluate and assess the materials in this matter and provide a report. The parties acknowledge that they initially requested a special scheduling review and nine (9) months to complete discovery in the initial Discovery Plan; however, this was done by prior Counsel for the LVMPD Defendants and because the parties attempted an early resolution of the case. [ECF No. 17]. Nevertheless, this is the parties' first requested extension and as shown above, the parties have conducted significant discovery since the initial Scheduling Order was entered on January 9, 2026. As such, the parties submit that these reasons satisfy the applicable good cause standard imposed by Local Rule 26-3 for an extension of the current discovery deadlines.

/ / /

/ / /

/ / /

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.339

Finally, Plaintiff requests an extension of the expired deadline to amend pleadings, so that he can evaluate any need to amend pleadings.

LR 26-3 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

As indicated above, Plaintiff recently received and reviewed the unredacted body worn camera videos of the incident. There are multiple videos and Plaintiff received them shortly before the deadline to amend. As such, Plaintiff did not have sufficient time to review the videos prior to the deadline to amend, and at the time Plaintiff was not aware if amendment would be necessary so no extension was sought. The parties submit that the excusable neglect standard is met when requesting an extension of the expired deadline to amend pleadings.

## IV.     PROPOSED EXTENDED DEADLINES

The parties respectfully request this Court enter an order as follows:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Discovery Cut Off | September 8, 2026 | December 7, 2026 |
| Deadline to Amend Pleadings | June 10, 2026 | August 10, 2026 |
| Disclosure of Experts | July 10, 2026 | October 8, 2026 |

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.339

Page 6 of 8

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Disclosure of Rebuttal Experts | August 10, 2026 | November 9, 2026 |
| Dispositive Motion Deadline: | October 8, 2026 | January 6, 2027 |
| Pre-Trial Order | November 9, 2026 | February 5, 2027 |

**(A)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

**(B)    Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty days after the date set for filing dispositive motions, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court.  The disclosures required by FRCP 26(a)(3) and any objections shall be included in the final pretrial order.

**(C)    Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.339

Page 7 of 8

(a)     A statement specifying the discovery completed;

(b)     A specific description of the discovery that remains to be completed;

(c)     The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)     A proposed schedule for completing all discovery.

DATED this 18th day of June, 2026.

KAEMPFER CROWELL

By:    /s/ Lyssa Anderson
       LYSSA S. ANDERSON
       Nevada Bar No. 5781
       KRISTOPHER KALKOWSKI
       Nevada Bar No. 14892
       1980 Festival Plaza Drive
       Suite 650
       Las Vegas, Nevada 89135

       **Attorneys for Defendants
       Las Vegas Metropolitan Police
       Department, Victoria Cuevas and
       Denton Burt**

IT IS SO ORDERED.

BREEDEN & ASSOCIATES PLLC

By:    /s/ Adam Breeden
       ADAM J. BREEDEN
       Nevada Bar No. 8768
       7432 W. Sahara Ave., Suite 101
       Las Vegas, Nevada 89117

       **Attorney for Plaintiff**

**ORDER**

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: June 18, 2026

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.339

Page 8 of 8